43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David B. KOHLER, Petitioner-Appellant,
v.
Lee FISHER, Respondent-Appellee.
 No. 94-3848.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 David R. Kohler appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Kohler was indicted by a Fairfield County, Ohio grand jury on one count of aggravated robbery with specification, one count of attempted murder with specification, and one count of assault with specification. Subsequent to his indictment, Kohler escaped from the Fairfield County jail and was ultimately incarcerated in Tennessee on unrelated charges. In 1989, the State of Ohio logged a detainer against Kohler with Tennessee. Kohler is now incarcerated in Kentucky as a consequence of felonies committed in that state. In 1993, Ohio logged a detainer against Kohler with Kentucky. Kohler filed a motion seeking dismissal of the indictment in the Fairfield County Common Pleas Court, which that court denied. The Ohio Court of Appeals dismissed his appeal and the Ohio Supreme Court denied further review.
 
 
 3
 Kohler then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241, arguing that the indictment should be dismissed because Ohio had violated the Interstate Agreement on Detainers (IAD). The district court concluded that Kohler's argument was without merit, because he had not exhausted his state remedies, and dismissed the petition. Kohler has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Kohler's petition. Kohler has not strictly complied with the prerequisites for relief under the IAD and, therefore, he may not now claim that the state did not comply with the IAD. Norton v. Parke, 892 F.2d 476,1 480-81 (6th Cir.1989), cert. denied, 494 U.S. 1060 (1990).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed for the reasons set forth in that court's opinion and order filed on July 25, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.